1  J.T. Fox, Esq. (SBN 195063)
2  LAW OFFICES OF JT FOX, APC
   556 S. Fair Oaks Ave., No. 444
3  Pasadena, California 91105
   Telephone: (888) 750-5530
4  Fax: (888) 750-5530
   Email: jt@jtfoxlaw.com
5

6  Attorneys for Plaintiff,
7  IRTH COMMUNICATIONS, LLC, a California Limited Liability Company.

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11  IRTH COMMUNICATIONS, LLC, a          CASE NO.
    California Limited Liability Company,
12                                        COMPLAINT FOR DAMAGES FOR:
13              Plaintiff,
                                          (1) CONVERSION
14         vs.                            (2) UNJUST ENRICHMENT
                                          (3) THEFT (VIOLATION OF PENAL
15  JOHN H. RICHMOND, an individual;          CODE § 496)
    BEAR CREEK CAPITAL, a form of
16  business entity unknown; and DOES 1-10,   DEMAND FOR JURY TRIAL
    inclusive,
17
18              Defendants.
19

20         **COMES NOW** Plaintiff IRTH COMMUNICATIONS, LLC, a California Limited Liability

21  Company ("Plaintiff" or "IRTH") with its Complaint against Defendants JOHN H. RICHMOND, an

22  individual; BEAR CREEK CAPITAL, a form of business entity unknown; and DOES 1-10,

23  inclusive (collectively "Defendants"), hereby alleges as follows:

24

25              **THE PARTIES**

26         1.      Plaintiff is incorporated in the State of California and has its principal place of

27  business in the City of Santa Monica, Los Angeles County, California.

28

                              - 1 -

2.      Defendant BEAR CREAK CAPITAL, a form of business entity unknown, has its principal place of business in South Carolina, and was doing business in the State of South Carolina at all relevant times herein.

3.      Defendant JOHN H. RICHMOND is an individual who resides in North Augusta, Aiken County, South Carolina 29841.

4.      The true names and capacities, whether individual, corporate, partnership, associate, or otherwise, of Defendants sued herein as DOES 1 through 20, inclusive, are currently unknown to Plaintiff, who therefore sue said Defendants by fictitious names pursuant to Section 474 of the California Code of Civil Procedure. Plaintiff is informed, believes, and thereon alleges that each of the Defendants designated herein as DOES are legally responsible in some manner for the events and happenings referred to herein, and caused injury and damage proximately thereby to Plaintiff as hereinafter alleged. Plaintiff will seek leave of court to amend the Complaint to show the true names and capacities of the Defendants designated herein as DOES when ascertained. When reference is made to "Defendants" in this Complaint, such allegation shall be deemed to mean the acts of Defendants acting individually, jointly or severally.

5.      Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, were and are the agents, employees, partners, joint-venturers, co-conspirators, owners, principals and/or employers of the remaining Defendants, and at all times herein mentioned were and are acting within the course and scope of such agency, employment, partnership, conspiracy, ownership and/or joint venture.

6.      Plaintiff is further informed and believes and thereon alleges that the acts and conduct herein alleged of each such Defendant were known to, authorized by and/or ratified by the other Defendants, and each of them. At all times herein relevant, each of the above Defendants were acting as a servant, alter-ego, agent and employee of each and every co-defendant, and in

COMPLAINT FOR DAMAGES

committing the acts and omissions hereinafter alleged, was acting within the course and scope of such employment and authority, and with the knowledge and consent of said co-defendants, each defendant ratified and approved the acts of the other defendants.

## VENUE AND JURISDICTION

7.     This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff Irth Communications, LLC is incorporated under the laws of the State of California and has its principal place of business in Los Angeles County in the State of California. Defendant John H. Richmond is a citizen of the State of South Carolina, and Defendant Bear Creak Capital is a form of business entity unknown doing business in the State of South Carolina at all times relevant herein and has its principal place of business in Aiken County in the State of South Carolina. Therefore, complete diversity of citizenship exists. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

8.     Venue is proper in, and Defendants are subject to the personal jurisdiction of, the Central District of California pursuant to 28 U.S.C. § 1391 because Defendants' conversion transpired in this district, and a substantial part of the events or omissions on which the claims asserted herein are based occurred in this District.

## FACTUAL ALLEGATIONS

9.     Plaintiff IRTH COMMUNICATIONS, LLC was recently the victim of business identity fraud and wire transfer fraud. In early July 2020, IRTH had been communicating with one of their business vendors, Bear Creek Capital, LLC, for wire payment for their consulting services.

10.     On or about July 17, 2020, IRTH wired monies to Bear Creek Capital, LLC in the amount of $34,000.00 USD from their bank account with U.S. Bank.  However, a third-party impostor was able to intercept IRTH's vendor's email information and was able to submit fraudulent wire information to IRTH directing them to wire monies to a fraudulent account at Bank

COMPLAINT FOR DAMAGES

of America. IRTH, not realizing the fraud, then wired said payment to the third-party impostor, who identified JOHN H. RICHMOND as the account officer of the fraudulent Bank of America account. Plaintiff is informed and believes that the location of this fraudulent wire transfer was in North Augusta, Aiken County, South Carolina 29841.

11.     Beginning on July 3, 2020, the fraudulent party interjected an email in the correspondence between IRTH and the intended wire recipient(s) stating that Bear Creek Capital was having issues with their current bank, Chase Bank. The intended recipient provided an invoice on July 16, 2020 via email (involving the real recipient and correct invoice). Later, IRTH received an email stating Bear Creek Capital wanted to use their other bank account as they were having issues with wires over $20,000 at their Chase bank. The email went on to say they would resend the invoice with the other banking information. IRTH initiated the wire that day, July 16, 2020, but it was returned as the name on the bank account did not match the account number. The fraudulent party then replied that the wire should be directed to their account officer at Bank of America, JOHN H. RICHMOND. The fraudulent party sent an email at 10:10 am on July 17, 2020, with the wire instructions that the wire be sent to Bank of America with the account name as John H. Richmond (of Bear Creek Capital) and to the same account and routing numbers on the invoice. A true and correct copy of this fraudulent invoice is attached hereto as **Exhibit A**.

12.     Plaintiff executed a wire payment for $34,000.00 on July 17, 2020. However, the intended recipient, Bear Creek Capital, did not receive the wire. At this point, the fraudulent party began to pose as Bear Creek Capital by using a very similar email, shelly@**bearcreakcap.**com (instead of shelly@**bearcreekcap**.com), for emails received by Teresa Kunz on behalf of Irth Communications. Furthermore, for the emails Bear Creek Capital received, the fraudulent parties also posed as Teresa Kunz by using a very similar email of teresa@**irthcommunication**.com (should be teresa@**irthcommunications**.com). These

COMPLAINT FOR DAMAGES

correspondences went on for a week with the fraudulent party injecting answers on one side or the other, such that Plaintiff did not realize the wire had been sent to the wrong party. A true and correct copy of the email correspondence reflecting the abovementioned chain of emails is attached hereto as **Exhibit B**.

13.     Plaintiff did not discover the fraudulent email and wire transfer activity until Tuesday, July 28, 2020. Immediately thereafter, Plaintiff went to their bank, US Bank, and opened a fraud case, #RS1246, regarding this issue. However, U.S. Bank was unable to recover any funds or otherwise resolve this issue. U.S. Bank was informed by Bank of America that the third-party impostor collected the funds and then proceeded to close the bank account.  Plaintiff was informed of this on July 31, 2020.

14.     On or about July 28, 2020, Plaintiff filed a police report with the local Montpelier Police Department in Idaho, Case # 20-M0570. The complaint filed with Montpelier Police Department was done so since IRTH's bank account with U.S. Bank was opened in Montpelier and IRTH's financial controller resides and has their office there.

15.     On or about August 4, 2020, Plaintiff also lodged a complaint with Federal Bureau of Investigations, Internet Crime Complaint Center (IC3), alleging the details of this incident. However, the assistance of the FBI has since proved unhelpful, and no progress has been made toward returning the funds wrongfully appropriated from Plaintiff by Defendants. A true and correct copy of Plaintiff's FBI complaint is attached hereto as **Exhibit C**.

16.     In or about February 2021, counsel for Plaintiff initiated contact with a detective, Inspector Hucko, in Augusta, Georgia where the fraudulent wire activity took place according to the fraudulent wire information (See Exh. B.) On or about February 23, 2021, Plaintiff's counsel emailed all the relevant information regarding the wire transfer fraud to Detective Husko in an attempt to start an investigation regarding the fraudulent activity which resulted in Plaintiff's loss.

COMPLAINT FOR DAMAGES

However, Detective Husko has since not responded to any emails or phone calls on Plaintiff's behalf. Plaintiff is now left with no remedy but to file the instant lawsuit in seeking recovery of the funds lost as a result of fraudulent activity perpetrated by Defendants.

17.    Upon information and belief, and based upon their deliberate misappropriation of funds belonging to plaintiff, Defendants are seeking to deny Plaintiff the right to recover losses incurred as a result of Defendant's conversion. Defendant's actions have wrongfully resulted in Defendants' unjust enrichment and are independently wrongful, malicious, fraudulent, criminal, and without legal basis.

18.    The Defendants' malicious and despicable conduct subjects Defendants to liability for punitive and/or exemplary damages, as those words are used and defined in Civil Code section 3294, for acts constituting conversion and theft (violation of Cal. Penal Code section 496).

19.    The Defendants' conversion of Plaintiff's funds and theft (violation of Cal. Penal Code section 496) have directly caused Plaintiff great financial and reputational harm in excess of $75,000. Further, as a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered additional general, special, and consequential damages in an amount to be determined according to proof at trial.

## FIRST CAUSE OF ACTION

## CONVERSION

### (Against All Defendants)

20.    Plaintiff repeats and incorporates by reference each and every allegation set forth in paragraphs 1-19

21.    Conversion is the wrongful exercise of dominion over the property of another. (*Lee v. Hanley* (2015) 61 Cal.4th 1225, 1240.) Intentional destruction or alteration of property constitutes conversion. (*Martinez v. Robledo* (2012) 210 Cal.App.4th 384, 387.)

COMPLAINT FOR DAMAGES

22.     The elements of a conversion claim are: "(1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." (*Mendoza v. Rast Produce Co., Inc.* (2006) 140 Cal.App.4th 1395, 1405.)

23.     Plaintiff is entitled to a reimbursement of $34,000.00 by Defendants, representing funds belonging to Plaintiff and wrongfully misappropriated by Defendants through a fraudulent wire transfer scheme.

24.     Defendants have wrongfully denied access to, withheld, transferred, embezzled, and/or destroyed $34,000.00 in funds paid by Plaintiff to Defendants as a result of business email compromise and wire transfer fraud.

25.     Defendants' wrongful acts of conversion have harmed Plaintiff by depriving Plaintiff of their rightful economic gain from the ownership, management, use, possession, and administration of the above-mentioned funds through Irth Communications, LLC.

26.     As described above, Plaintiff has been harmed in an amount to be determined according to proof at trial, in excess of this Court's jurisdiction, plus prejudgment interest, costs, and reasonable attorney's fees, if allowable by statute.

27.     Further, Defendants' purposeful and fraudulent conduct in withholding, denying access to, and/or destroying Plaintiff's funds, all for their own pecuniary gain, evidence malice and despicable conduct towards Plaintiff which entitles Plaintiff to an award of punitive and exemplary damages in an amount according to proof at trial, which are requested herein.

## SECOND CAUSE OF ACTION

## UNJUST ENRICHMENT

### (Against All Defendants)

28.     Plaintiff repeats and incorporates by reference each and every allegation set forth

COMPLAINT FOR DAMAGES

in paragraphs 1-27, inclusive.

29.    As stated above, Defendants have failed to pay or reimburse Plaintiff $34,000.00, representing funds wrongfully misappropriated by Defendants through a fraudulent wire transfer scheme.

30.    Thus, Defendants have been unjustly enriched in an amount of $34,000.00.  Therefore, Plaintiff should be entitled to a judgment against Defendants for an amount of $34,000.00, plus interest at ten (10) percent per annum in pursuit of collection of the sums due to Plaintiff by Defendant.

### THIRD CAUSE OF ACTION

### THEFT (VIOLATION OF PENAL CODE § 496)

#### (Against All Defendants)

31.    Plaintiff repeats and incorporates by reference each and every allegation set forth in paragraphs 1-30, inclusive.

32.    One who fraudulently appropriates property which has been entrusted to him is guilty of theft. (Cal. Pen. Code section 484.) Penal Code Section 496 makes it a crime to receive or withhold from the owner "property that has been . . . obtained in any manner constituting theft" and provides that any person injured by a violation of the statute may bring an action for treble damages, for costs, and for reasonable attorney's fees. (Penal Code, Section 496(a) and (c)). The civil remedy provided in Penal Code Section 496(c) does not require that the perpetrator be convicted; all that is necessary is that defendant violated the statute and plaintiff was injured as a result. (*Bell v. Feibush* (2013) 212 Cal.App.4th 1041, 1049.) Penal Code, Section 496 applies to property which has been obtained not only by theft by larceny (i.e. stealing) but also by such other forms of theft as embezzlement. (*People v. Kunkin* (1973) 9 Cal.3d 245.)

33.    The elements of a cause of action under Penal Code, Section 496 consist of the

- 8 –

following: (1) the property was stolen; (2) the defendant knew the property was stolen; and (3) the defendant had possession of the stolen property. (*Lacagnina v. Comprehend Systems, Inc.* (2018) 25 Cal.App.5th 955, 970).

34.    As described above, Defendants violated Penal Code section 496 by obtaining Plaintiff's funds through compromising Plaintiff's business emails and knowingly appropriating and withholding from Plaintiff $34,000.00 in funds obtained by Defendants through fraudulent wire transfer.

35.    Defendants knew the unlawfully retained funds belonged to Plaintiff because Defendants intercepted the funds belonging to Plaintiff through deceitful communications and submitting false wire transfer information. Additionally, Defendants were put on notice in the chain of compromised emails that the funds belong to Plaintiff.

36.    Defendants have retained possession of Plaintiff's funds and have not paid any of it back to Plaintiff to date.

37.    As described above, Plaintiff has been injured by the Defendants' wrongful acts of theft and conversion in violation of Penal Code Section 496 by depriving Plaintiff of their rightful economic gain and access to their own funds, which is in excess of this Court's jurisdiction, plus prejudgment interest, costs, and reasonable attorney's fees, as is allowable pursuant to Penal Code Section 496(c). Furthermore, pursuant to Penal Code Section 496(c), Plaintiff is entitled to a just award of treble the amount of actual damages sustained, in an amount up to and/or in excess of $102,000.00.  These treble damages are requested herein.

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that the Court enter judgment and orders in its favor and against Defendant as follows:

1.  For compensatory, general, special, and consequential damages in an amount according to proof at trial;

2.  For attorney's fees if allowable by statute or contract;

3.  For costs of suit;

4.  Prejudgment interest;

5.  For punitive and/or exemplary damages against Defendants for the causes of action of conversion and theft, according to proof;

6.  For treble the amount of actual damages sustained, in an amount up to and/or in excess of $102,000.00, pursuant to Penal Code Section 496(c);

7.  For restitution of monies obtained by Defendants on account of Defendants' wrongdoing, in the amount of $34,000.00;

8.  For all such further relief as the Court may deem just and proper.


## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

COMPLAINT FOR DAMAGES

1    DATED:  Jan. 12, 2022                    LAW OFFICES OF JT FOX, APC

2

3                                                          *J.T. Fox*
                                               By_____

4                                                 J.T. Fox, Esq.
                                                  Attorney for Plaintiff,
5                                                 IRTH COMMUNICATIONS, LLC, a
                                                  California Limited Liability Company.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES